UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH OZORMOOR, | Case No. 25-cv-10710 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| METROPILITAN LIFE INSURANCE COMPANY (METLIFE), | Kimberly G. Altman United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
(ECF No. 26)**

Plaintiff Joseph Ozormoor, an attorney proceeding *pro se*, is suing defendant Metropolitan Life Insurance Company (MetLife) claiming breach of contract, breach of fiduciary duties under Michigan law, statutory conversion, and intentional infliction of emotional distress.  *See* ECF No. 12.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to Magistrate Judge Altman.  ECF No. 5.

On August 13, 2025, MetLife reached out to Plaintiff to schedule his deposition.  ECF No. 15-2, PageID.246.  Plaintiff did not respond to several emails about this, so MetLife noticed his deposition for Tuesday, September 9, 2025.  ECF No. 15-3, PageID.251.  On August 27, 2025,

Plaintiff objected to the taking of his deposition, stating "I would prefer to answer all questions relating to this case and its subject matter in writing . . . ." ECF No. 15-2, PageID.245.  In continued discussions in trying to agree on a date and time for his deposition, Plaintiff continued to object to his deposition being taken.  ECF No. 15-2, PageID.243.  On September 5, 2025 (4 days before the noticed deposition), MetLife offered to take the deposition at Plaintiff's office and again asked for available dates and times in Plaintiff's schedule if the noticed date of September 9, 2025 didn't work.  Plaintiff once again objected to his deposition being taken.  ECF No. 15-2, PageID.242.  The day before the noticed deposition, counsel for MetLife asked Plaintiff if he planned to appear at the noticed deposition or if he would provide alternative dates and times.  Plaintiff responded, "Of course I won't be available for any deposition tomorrow."  ECF No. 15-2, PageID.240.  Plaintiff did not appear for the September 9, 2025 deposition.

   On September 26, 2025, the last day of discovery, MetLife moved to compel Plaintiff's deposition and for sanctions for his failure to appear at a properly noticed deposition.  Ozormoor responded by saying that a deposition would be irrelevant in this case because the lawsuit centers on MetLife's actions, which he says he was not involved with.  On October 28, 2025, Judge Altman granted the motion in part and ordered Ozormoor to

2

sit for a deposition.  ECF No. 19.  Noting that Ozormoor was not only bringing breach of contract claims but also intentional infliction of emotional distress claims, Judge Altman found his arguments that a deposition was not necessary "unconvincing."  ECF No. 19, PageID.371.  Judge Altman noted that taking a party's deposition is an ordinary practice under Fed. R. Civ. P. 30(a)(1), and that no exception to the rule applied in this case.  *Id.*  She noted that MetLife had tried several times to schedule a date and time that worked for Ozormoor, but Ozormoor did not provide a valid reason for his failure to cooperate.

Without going into all the details recounted in Magistrate Judge Altman's latest order, Plaintiff again refused to sit for his deposition.  To sum up the communications between MetLife and Ozormoor, MetLife repeatedly tried to schedule a deposition with Plaintiff, but Plaintiff did not respond with potential dates.  ECF No. 22-4, PageID.471-72.  When counsel for MetLife (Michelle Czapski) then offered potential dates at her firm's Troy office, Plaintiff asked that it happen closer to him, in Detroit.  When Czapski tried to accommodate Plaintiff's request for the deposition to happen in Detroit, she noted that to hold the deposition in Detroit changed her availability and offered November 13, which Plaintiff agreed to but then said he would "be there at 12:00 pm, give or take 10 minutes."

3

ECF No. 22-4, PageID.468. Czapski noted that time did not work, and attempted to schedule an ordinary, 7-hour deposition of the opposing party beginning sometime between 8:30 a.m. to 10:00 a.m at her firm's Detroit location. ECF No. 22-4, PageID.464, 467. Ozormoor repeatedly ignored the request to start at those times and said that those times were "not convenient" for him and that he "would try to be there by 11 a.m. instead." *Id.* at PageID.465.

After Ozormoor repeatedly indicated he would not be there at an earlier start time, Czapski re-noticed the deposition for November 18, 2025 at 10 a.m. at counsel's Troy office instead. She asked that Ozormoor provide alternate dates when he would be available for the entire business day in Troy if that date did not work for him. ECF No. 22-4, PageID.461. On November 17, 2025, Ozormoor filed a motion for a protective order limiting the location, duration, start time, scope, and attendance of his deposition. ECF No. 21. Specifically, he requested that: (1) the deposition take place at counsel's office in Detroit, the U.S. Courthouse in Detroit, or by phone; (2) the duration be limited to no more than two hours starting at 11 am or later; (3) the scope of the deposition be limited to "inquiry only about the GUL policy cost of insurance premiums and cash fund contributions that are the subject of this action" with no inquiry allowed

4

into "private personal affairs of Plaintiff unrelated to his GUL policy"; and (4) attendance at his deposition be limited to only the parties and their attorneys of record. *Id.* at PageID.391-392.

Judge Altman once more found his explanations and arguments unconvincing. Judge Altman thus denied Plaintiff's motion for protective order and warned him that sanctions may be incurred if he does not sit for deposition. ECF No. 24, PageID.578. Plaintiff objects to that order. ECF No. 26.

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Objections must be clear so that the district court can "discern those issues that are dispositive and

contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). The failure to object, on the other hand, "releases the Court from its duty to independently review the matter." *See Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Plaintiff's first objection is to Magistrate Judge Altman's conclusion that he was capable of attending a deposition in Troy and not Detroit. He specifically objects to the Magistrate Judge's characterization of his explanations for avoiding travel on the freeways as "unconvincing," which he says is subjective and contrary to the objective good cause standard under Rule 26(c). This court does not agree. Judge Altman laid out objective reasons for deciding that there was no good cause to forbid the use of Defense counsel's Troy location: "If Ozormoor has medical conditions that prevent his driving on freeways, this does not prevent him from reaching counsel's Troy location; Ozormoor may take a taxi, Lyft, or Uber, or he can use a route that avoids freeways." ECF No. 24, PageID.577. Ozormoor's objections provide no reason to think that conclusion was wrong; his arguments again center only on his age, his alleged medical

6

conditions, and his own driving on freeways – all concerns that would be alleviated by another person driving him.

Plaintiff's second objection is to the start time and duration of the deposition, and asks that a protective order ensure that 11 a.m. EST is the start time and that the deposition last no more than two hours. He says that he has a health problem which causes him to wake up late in the morning, that 11 a.m. is the earliest convenient time he can appear for a deposition, and that he is under medication that induces dizziness and drowsiness during the day. ECF No. 26, PageID.590. Plaintiff provides no evidence for these statements, and the court does not find it convincing that he is either a) unable to be at a deposition earlier than 11 a.m. or b) unable to attend a seven-hour deposition, given his other statements indicating that he is a busy practicing attorney and that he could, in fact, sit for a seven-hour deposition. *See* ECF No. 22-2, PageID.449 (indicating he works "up till the late night"); *id.* at PageID.444 (stating he was preparing to attend "a settlement conference this week and also need to plan and prepare with the client for a potential InfoPass appointment at USCIS"); *id.* at PageID.447 (stating that even a Zoom deposition would be "extremely difficult to accommodate" due to his "office schedule"); *id.* at PageID.462 (telling defense counsel, "You can get in 7 hours of deposition

7

in one day starting from 11 a.m."); *id.* at PageID.467 (". . . we can stay for as long as it will take to reach 7 hours. That won't be a problem with me.") Thus the court does not find any error in the conclusion that Plaintiff can take the steps necessary for him to attend a deposition before 11 a.m. As MetLife and Judge Altman pointed out, Ozormoor has not established any specific harm that will befall him by attending a deposition starting at 9 or 10 a.m. Nor does the court find any error in the conclusion that Plaintiff can sit for a seven-hour deposition, which can include (or, perhaps, could have included) sufficient breaks to allow for rest, water, and food. Indeed, the necessity of accounting for those breaks helps explain why Defendant reasonably needed to start the deposition earlier than 11 a.m. to ensure everyone could leave work at a reasonable hour.

Plaintiff does not clearly label or provide specific other objections to the Magistrate Judge's conclusions. The court nonetheless agrees that there is no basis for limiting the scope of the deposition to specific topics or for limiting those attending his deposition. *See* ECF No. 24, PageID.577.

Having reviewed the motion, order, and objections, the court does not find any error, let alone a clear one, and finds that no response is

necessary to resolve the issues presented. Plaintiff's objections are

**OVERRULED**.

    **SO ORDERED**.

Date: December 11, 2025                    <u>s/F. Kay Behm</u>
                                                  F. Kay Behm
                                                  United States District Judge