UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH OZORMOOR, | Case No. 25-cv-10710 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| METROPILITAN LIFE INSURANCE COMPANY (METLIFE), | Kimberly G. Altman United States Magistrate Judge |
| Defendant._____/ | |

# ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL
## (ECF No. 30)

Plaintiff Joseph Ozormoor, an attorney proceeding *pro se*, is suing defendant Metropolitan Life Insurance Company (MetLife) claiming breach of contract, breach of fiduciary duties under Michigan law, statutory conversion, and intentional infliction of emotional distress. *See* ECF No. 12. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to Magistrate Judge Altman. ECF No. 5.

Recently, this court overruled Plaintiff's objections to an order of the Magistrate Judge. *See* ECF No. 27 (order overruling objections). While the court assumes familiarity with the relevant orders, in short: Magistrate Judge Altman granted a motion to compel Plaintiff's deposition

after he failed to appear for a properly noticed deposition. ECF No. 19. But rather than appear for a second noticed deposition, Ozormoor filed a motion for protective order seeking to limit the scope, duration, time, and place of his deposition. ECF No. 21. Judge Altman denied Plaintiff's motion and warned him that sanctions may be incurred if he does not sit for deposition. ECF No. 24, PageID.578. Plaintiff objected to that order (ECF No. 26) and this court overruled those objections (ECF No. 27). Plaintiff has now filed a motion (ECF No. 30) seeking interlocutory appeal of both this court's order (ECF No. 27) and ostensibly Judge Altman's underlying order denying a protective order (ECF No. 24).[1] Defendant filed a response (ECF No. 31),[2] and the court finds the issues sufficiently presented that it need not wait for a reply. *See Convertino v. U.S. Dep't of Just.*, No. 07-CV-13842, 2008 U.S. Dist. LEXIS 107800, 2008 WL 4998369,

---

[1] In substance, the court understands his motion to appeal this court's order only, since he seeks to remove this case to the court of appeals, and considers the matter directly. 28 U.S.C. § 1292(b) also refers only to a "district judge" certifying a matter for appeal to the circuit court of appeals.

[2] Plaintiff styles the motion as "ex parte," but provides no legal basis as to why it ought to be so. This circuit's case law is clear non-moving parties can file response briefs to motions for court certification for appeal. *See, e.g.*, *Serrano v. Cintas Corp.*, No. 04-40132, 2010 U.S. Dist. LEXIS 23203, *6 (E.D. Mich. 2010) ("In opposition to the EEOC's motion, Cintas argues that each of the three factors required under 28 U.S.C. § 1292(b) are lacking in this case."); *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, No. 05-cv-000681, 2022 U.S. Dist. LEXIS 248146, *27 (W.D. Mich. 2022); *Patrick v. A.K. Steel Corp.*, No. 1:05-cv-000681, 2008 U.S. Dist. LEXIS 133215, *5-6 (S.D. Ohio 2008).

at *2 (E.D. Mich. Nov. 21, 2008) ("[T]he court is not required to wait for, or consider, a reply brief if the issues are sufficiently clear after considering a motion and response.").

A district court may certify a non-final order for interlocutory appeal if it is of the opinion that three conditions exist: (1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the termination of the litigation. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). Interlocutory appeals are generally permitted "only in exceptional circumstances." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) ("Congress intended that section 1292(b) should be sparingly applied."). The moving party bears the burden to show that each requirement of § 1292(b) is satisfied. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)).

Plaintiff has not met his burden of proving that each requirement is satisfied. His argument is that re-noticing his deposition for "Defendant's counsel's office in Troy[,] much farther away from Plaintiff's residence and for the same starting time earlier than 11 am that Plaintiff indicated is

3

not convenient for [Plaintiff] due to his late waking up time due to his state of health, abuses, annoys, and oppresses Plaintiff, which is a specific fact and good cause for issuance of a protective order pursuant to Rule 26(c)[.]" ECF No. 30, PageID.659.  It is not clear, however, that the scope of "good cause" under Rule 26(c) is a controlling issue of law in this case; or perhaps more relevantly, Plaintiff offers no citation or argument to think so.  *And see Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1080 (S.D. Ill. 2006) (collecting cases and explaining why discovery orders are generally considered unsuitable for interlocutory appeal).  Plaintiff offered no evidence or argument that a substantial difference of opinion exists on this fact-bound question regarding a basic discovery exercise.  And rather than materially advance this litigation, Plaintiff's conduct – including refusing to appear for his deposition because he filed a motion for protective order – makes it more likely that this motion was intended only to further delay these proceedings.  *See* ECF No. 31, PageID.675.  This is, to put it simply, not an exceptional circumstance warranting interlocutory appeal under § 1292(b).

As far as this motion might instead be construed instead as a motion for reconsideration,[3] it advances no grounds to do so and merely rehashes his prior arguments. *See* LR 7.1(h); *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) ("It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'") (quoting citation omitted). The motion at ECF No. 30 is therefore **DENIED**.

The costs, expenses, and burden Defendant has incurred in the defense of this motion shall be considered in the context of its pending Renewed Motion for Sanctions (ECF No. 23). *See* ECF No. 31, PageID.675.

**SO ORDERED**.

Date: January 7, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

---

[3] Although proceeding *pro se*, Ozormoor is an attorney and the court therefore doubts that he is entitled to the usual benefit of liberal construction of his pleadings. Nonetheless, so construed the motion remains meritless.

5