UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OZORMOOR,

      Plaintiff,

v.

METROPILITAN LIFE
INSURANCE COMPANY
(METLIFE),

      Defendant.

_____/

Case No. 25-cv-10710

F. Kay Behm
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 41), ACCEPTING AND MODIFYING THE MAGISTRATE JUDGE'S MARCH 20, 2026 REPORT AND RECOMMENDATION (ECF No. 38), AND DISMISSING <u>PLAINTIFF'S COMPLAINT WITH PREJUDICE</u>

Plaintiff Joseph Ozormoor is an attorney, though proceeds *pro se* on his own behalf in this action.  In this civil case, he sues defendant Metropolitan Life Insurance Company (MetLife) claiming breach of contract, breach of fiduciary duties under Michigan law, statutory conversion, and intentional infliction of emotional distress.  *See* ECF No. 12.  Following Ozormoor's repeated refusal to sit for his deposition, MetLife filed a motion for sanctions seeking dismissal of this case.  ECF No. 23.  Ozormoor responded (ECF No. 28), and MetLife replied (ECF

No. 29).  Magistrate Judge Altman then issued a report and recommendation, currently before the court, recommending that MetLife's motion be granted in part, such that MetLife be awarded attorneys' fees and costs under Rule 37(d)(3), but stopping short of dismissal.  Ozormoor objected to that recommendation, arguing he should not have to face even that comparatively more lenient sanction for his failure to obey court orders.  ECF No. 41.  MetLife responded to those objections, and took the position that the court should largely adopt the report and recommendation, but again asks that the court dismiss this action with prejudice due to Ozormoor's bringing his objections in bad faith, and in consideration of the totality of Plaintiff's conduct in this case.  ECF No. 44.[1]

This order is, by the court's count, the twenty-sixth filing in this case regarding what ought to have been a straightforward discovery issue: the taking of Plaintiff's deposition.  Regrettably, Plaintiff's continued, baseless refusal to sit for deposition and deliberate tactics of delay have cost Defendant, the Magistrate Judge, their staff, and this

---

[1] MetLife filed two copies of their response at ECF Nos. 43 and 44.  They appear to be identical and the court here cites the latter.

2

court considerable time, expense, and effort – all while Plaintiff himself has ignored his obligations under the Federal Rules of Civil Procedure, ignored his ethical duties as a practicing attorney, ignored Rule 30 notices issued by Defendant, ignored orders of the Magistrate Judge, and ignored the orders of this court.

Enough is enough.  On de novo review, the court adopts the Magistrate Judge's factual findings set out in the report and recommendation, but modifies the recommended disposition.  This case is instead dismissed with prejudice for failure to obey multiple discovery orders under Rule 37(b)(2)(A)(v) and failure to act under Rule 37(d)(3), and Plaintiff is additionally ordered to pay Defendant's fees and costs caused by his failure to comply under Rule 37(b)(2)(C) and failure to act under 37(d)(3).

## I.    STANDARD OF REVIEW

The standard of review in referred cases depends on whether the matter considered by the Magistrate Judge is dispositive or non-dispositive.  Objections to dispositive motions are reviewed de novo, while non-dispositive motions are reviewed for clear error.  *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citing 28 U.S.C.

§ 636(b)(1) and Federal Civil Rule 72).  Following the example of others in this district, the Magistrate Judge in this case proceeded via a report and recommendation on Defendant's motion for discovery sanctions because the relief sought was dispositive, even though the relief the Magistrate Judge ultimately recommended is not dispositive.  *See* ECF No. 38, PageID.1161; *Coach, Inc. v. Dequindre Plaza, LLC*, No. 11-14032, 2013 LX 24748, at *3 n.1 (E.D. Mich. Mar. 25, 2013) (collecting cases); *see also Baker,* 67 F. App'x at 311.[2]

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).  De novo review applies, and the district court "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.* at (b)(3).  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"

---

[2] Neither party objected to the Magistrate Judge proceeding by report and recommendation.

*Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II.   PROCEDURAL HISTORY

Given the dispositive nature of the sanction requested by Defendant, and herein granted, a thorough review of the history of this case is warranted.

On March 13, 2025, MetLife removed this case to federal court. ECF No. 1.  The case was referred for all pretrial matters to the assigned Magistrate Judge.  ECF No. 5.  On April 22, 2025, the Magistrate Judge issued a scheduling order governing discovery.  ECF No. 9.  Shortly afterward, Plaintiff filed his first amended complaint (ECF No. 12), and a few months later, discovery was extended by stipulated order to September 26, 2025 (ECF No. 14).

On August 13, 2025, Defendant MetLife reached out to Ozormoor to schedule his deposition.  ECF No. 15-2, PageID.246.  Plaintiff did not respond to several emails about this, so MetLife noticed his deposition for Tuesday, September 9, 2025.  ECF No. 15-3, PageID.251.  On

August 27, 2025, Plaintiff objected to the taking of his deposition, stating "I would prefer to answer all questions relating to this case and its subject matter in writing . . . ."  ECF No. 15-2, PageID.245.  In further discussions in trying to agree on a date and time for his deposition, Plaintiff continued to object to his deposition being taken.  ECF No. 15-2, PageID.243.  On September 5, 2025 (four days before the noticed deposition), MetLife offered to take the deposition at Plaintiff's office and again asked for available dates and times in Plaintiff's schedule if the noticed date of September 9, 2025 didn't work.  Plaintiff again objected to his deposition being taken.  ECF No. 15-2, PageID.242.  The day before the noticed deposition, counsel for MetLife asked Plaintiff if he planned to appear at the noticed deposition or if he would provide alternative dates and times.  Plaintiff indicated he would not appear, responding: "Of course I won't be available for any deposition tomorrow."  ECF No. 15-2, PageID.240.  Plaintiff did not appear for the September 9, 2025 deposition.

On September 26, 2025, MetLife moved to compel Plaintiff's deposition and for sanctions for his failure to appear at a properly noticed deposition.  ECF No. 15.  Ozormoor responded by arguing that

his deposition would be irrelevant to the issues in this case.  ECF No. 17.  On October 28, 2025, Judge Altman granted the motion in part and ordered Ozormoor to sit for a deposition.  ECF No. 19.  Noting that Ozormoor was not only bringing breach of contract claims but also intentional infliction of emotional distress claims, Judge Altman found his arguments that his deposition was not necessary "unconvincing." *Id.* at PageID.371.  Judge Altman noted that taking a party's deposition is an ordinary practice under Fed. R. Civ. P. 30(a)(1), and that no exception to the rule applied in this case.  *Id.*  She found that MetLife had tried several times to schedule a date and time that worked for Ozormoor, but Ozormoor did not provide a valid reason for his failure to cooperate.  *Id.* at PageID.372.  She did not impose sanctions in that instance.  *Id.* at PageID.373.

There the issue should have ended.  But instead, in defiance of that order, Plaintiff again refused to sit for his deposition.  Over the course of the weeks following Judge Altman's order, MetLife repeatedly tried to schedule a deposition with Plaintiff, but Plaintiff did not respond with potential dates.  ECF No. 22-4, PageID.471-72.  When counsel for MetLife, Michelle Czapski, offered potential dates at her

firm's Troy office, Plaintiff asked that it happen closer to him, in Detroit.  When Czapski tried to accommodate Plaintiff's request for the deposition to happen in Detroit, she noted that to hold the deposition in Detroit changed her availability and offered November 13 as a potential date, which Plaintiff agreed to, but then unilaterally announced that he would "be there at 12:00 pm, give or take 10 minutes."  ECF No. 22-4, PageID.468.  Czapski noted that a noon start time did not work for MetLife, and attempted to schedule an ordinary, 7-hour deposition of the opposing party beginning sometime between 8:30 a.m. to 10:00 a.m at her firm's Detroit location.  *See* ECF No. 22-4, PageID.464, 467. Ozormoor repeatedly ignored the request to start at those times, said that those times were "not convenient" for him, and responded, without offering alternatives, that he "would try to be there by 11 a.m. instead." *Id.* at PageID.465.

After Ozormoor insisted he would not be there at an earlier start time, Czapski instead re-noticed the deposition for November 18, 2025 at 10 a.m. at counsel's Troy office.  Still, Czapski asked that Ozormoor provide alternate dates when he would be available for the entire business day in Troy if that date did not work for him.  ECF No. 22-4,

8

PageID.461.  Ozormoor's response refused to acknowledge the re-noticed date and seemed to insist that his deposition happen on November 13th.  ECF No. 22-4, PageID.460.  MetLife reiterated that the deposition on the 13th had been cancelled and re-noticed for the 18th.  *Id.*  On November 17, the day before this second properly noticed deposition, Ozormoor filed a motion for a protective order limiting the location, duration, start time, scope, and attendance of his deposition.  ECF No. 21.  Specifically, he sought court intervention to require that: (1) the deposition take place at counsel's office in Detroit, the U.S. Courthouse in Detroit, or by phone; (2) the duration be limited to no more than two hours starting at 11 am or later; (3) the scope of the deposition be limited to "inquiry only about the GUL policy cost of insurance premiums and cash fund contributions that are the subject of this action" with no inquiry allowed into "private personal affairs of Plaintiff unrelated to his GUL policy"; and (4) attendance at his deposition be limited to only the parties and their attorneys of record. *Id.* at PageID.391-392.  Ozormoor did not attend the November 18 noticed deposition.  ECF No. 23, PageID.500.  MetLife filed both a response to the motion for protective order, and a separate motion for

sanctions that is the subject of the present report and recommendation. ECF Nos. 22, 23.

Judge Altman reviewed the motion for protective order and once more found Ozormoor's explanations and arguments unconvincing. Judge Altman thus denied Plaintiff's motion, refused to limit the length or subject matter of his deposition, and warned him that sanctions, including dismissal, may be incurred if he again did not sit for deposition.  ECF No. 24, PageID.578.  That, too, should have been the end of any further discussion.  Plaintiff, though, objected to that order. ECF No. 26.  Finding no need to wait for a response, this court quickly overruled those objections, leaving the Magistrate Judge's order in place in its entirety.  ECF No. 27 (entered December 11, 2025).

Following the Magistrate Judge's December 3, 2025 Order denying Plaintiff's motion for a protective order (ECF No. 24), MetLife again reached out to Plaintiff on December 5 to schedule his party deposition.  ECF No. 29-2, PageID.635.  MetLife asked Plaintiff to provide dates when he was available for a full-day deposition at MetLife's counsel's Troy office, starting at 10 a.m.  *Id.*  Plaintiff responded on December 7, but did not provide any dates.  *Id.* at

PageID.634-35.  Instead, Plaintiff responded, "I would appreciate it, however, if you would send me a list of several possible dates for the deposition so I can see on which date I can arrange a transportation service . . . ."  *Id.*  MetLife's counsel responded on December 9 by offering December 18, 22, and 30, and January 7, 2026, as available dates for Plaintiff's deposition.  *Id.* at PageID.634-34.  However, Plaintiff did not respond to that email or the offered dates, and on December 11, counsel for MetLife notified Plaintiff by email and first-class mail that she was scheduling his deposition for December 18 at her office location in Troy.  *Id.* at PageID.633; Notice of Deposition, *id.* at PageID.639.  Plaintiff did not respond to counsel's correspondence attaching the Notice of Deposition.  On December 16, two days before this third duly-noticed deposition, counsel for MetLife emailed Plaintiff and asked him to confirm that he would appear, so that MetLife could cancel the court reporter if he was not going to attend.  *Id.* at PageID.632.  Plaintiff did not respond.

On December 18, 2025, the day of Plaintiff's third noticed deposition, Plaintiff did not appear for his deposition.  ECF No. 29-4, PageID.647 (Deposition Transcript of Joseph Ozormoor, dated

11

December 18, 2025).  Plaintiff finally responded to MetLife at 1:31 p.m.
that day, stating that he was "stretched thin" and claimed difficulty in
using Uber and Lyft's scheduling features to arrange transportation to
a deposition (though notably, made no claim that he had attempted to
comply with the deposition that day).  *See* ECF No. 29-2, PageID.631.
He instead shifted focus to ask that MetLife "cooperate to find a
compromise on the deposition matter.  For instance, instead of using
taxi service to appear at the deposition, how about splitting the
deposition into two separate sessions of shorter durations and later
starting times than 10 am at your Ford Field office." *Id.*  And he
indicated, not credibly under the circumstances, that his deposition
could then happen "any day" MetLife chose. *Id.*  Apparently undeterred
by the court's orders regarding his deposition, these requests
represented a continuation of the same refusal to engage in good faith
scheduling discussions, and demand for the same sort of restrictions on
MetLife's examination as those he sought in his motion for protective
order, which were denied by the Magistrate Judge and by this court.

There the situation stood when, on December 22, Plaintiff sought
permission to delay this case for months or possibly years while he

appealed this dispute to the Sixth Circuit.  ECF No. 30.  This court found that motion was without any basis, and that it was likely brought as an attempt to delay these proceedings and impede the ordinary course of discovery.  *See* ECF No. 32.  So the court also ordered that the costs and expenses incurred by Defendant in responding to that motion would be considered as part of their motion for sanctions.  ECF No. 32, PageID.681.

Plaintiff, however, was still not done.  He then *again* filed a motion to require that his deposition be taken at a place and time convenient for him.  ECF No. 33.  Specifically, he now argued that the Michigan Court Rules require that his deposition be taken in the county in which he resides, and again repeated his rejected assertion that his health requires a start time of 11 a.m. or later, necessitating that his deposition be broken into two days of three and a half hours each.  For that first proposition, he cited to Michigan Court Rule 2.305(B), which refers to the depositions of non-parties, and is thus irrelevant to himself (a party in this case).  As a Michigan state court rule, it is also not applicable in this court when there is a federal rule on point.  *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral

13

questions must give reasonable written notice to every other party.  The

notice must state the time and place of the deposition . . .").  Judge

Altman thus rejected his argument:

> As MetLife points out, even if Ozormoor had cited
> the proper rule considering that he is, in fact, a
> *party*, there is absolutely no authority providing
> that the Court should be bound by the Michigan
> Court Rules pertaining to the location of a party's
> deposition.  Fed. R. Civ. P. 30(b)(1) provides that .
> . . "[a] party may unilaterally choose the place for
> deposing an opposing party, subject to the
> granting of a protective order by the Court . . .
> designating a different place." *Turner v.
> Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383
> (M.D.N.C. 1988) (citing 8 C. Wright & A. Miller,
> *Federal Practice and Procedure,* § 2112 at 403
> (1970)).  No protective order has been granted in
> this case.

ECF No. 37, PageID.1156-57.

Importantly, Judge Altman also pointed out that Plaintiff's

argument that his deposition should be required to start in the late

morning had already been addressed, and rejected – not once, but twice

(by the Magistrate Judge and then again by the district court).  *Id.* at

PageID.1158-59.  Plaintiff did not object to that order (though, as the

court will address, he brings those same arguments up in his present

objections).  But he did continue to litigate the issue by filing a motion

14

for reconsideration (ECF No. 39), which was immediately denied by the Magistrate Judge (ECF No. 40).

### III.  MAGISTRATE JUDGE ALTMAN'S MARCH 20, 2026 REPORT AND RECOMMENDATION (ECF No. 38)

Judge Altman made a few key findings from this history.  First, "MetLife has attempted *numerous* times to schedule Ozormoor's deposition, it has properly noticed his deposition three times, *see* ECF No. 34-2, and still Ozormoor has stonewalled, even after being ordered to sit for the deposition multiple times."  ECF No. 38, PageID.1169. Second, this refusal to attend his deposition "caused unnecessary delay in the case; in the order granting MetLife's original motion to compel, the Court ordered the parties to notify as to the date of the deposition once scheduled so the Court could extend the scheduling order deadlines.  However, as the deposition was never scheduled, the Court has been unable to do so, and the case has been in a state of limbo." *Id.* at PageID.1170.  Third, MetLife's own conduct has been in good faith: "[E]ven a cursory reading of the emails between the parties shows that MetLife's counsel has been honestly attempting to find a mutually agreeable date and time for the deposition *for months*, repeatedly

15

asking Ozormoor for dates that he would be available if the provided ones did not work." *Id.* Fourth, Ozormoor's dilatory motion practice did not excuse his failure to comply. *Id.* at PageID.1171 ("A deponent served with a properly noticed Rule 30(b)(6) deposition does not avoid sanctions by filing a last-minute motion for protective order in hopes of skirting the consequences of its misconduct.") (quoting *EMW Women's Surgical Ctr., P.S.C. v. Bevin,* No. 3:17-CV-189, 2018 WL 10229473, at *4 (W.D. Ky. Sept. 28, 2018)). Finally, Ozormoor was explicitly warned that the court would consider severe sanctions, including dismissal, if he did not sit for his deposition. *Id.*

Ultimately, considering Ozormoor's pending motion for summary judgment and MetLife's responding request that the Court grant summary judgment in its favor instead (ECF No. 36), the Magistrate Judge decided not to recommend dismissal to allow for the opportunity to decide the case on its merits.

## IV. PLAINTIFF'S OBJECTIONS

With all that in mind, the court turns to Plaintiff's objections (ECF No. 41), in which he once again argues that sanctions are not warranted, and that he is permitted to dictate the time and location of

16

his deposition.  His objections are meritless, and are overruled.  And in light of his objections to sanctions against him – objections which themselves represent part of a course of conduct in defiance of this court's orders – the court then considers the matter of sanctions *de novo*.

## A.    OBJECTION 1

In Plaintiff's first objection, he argues that "for a notice for deposition to be considered a proper notice, the location designated for the deposition in the notice must comply with the [Michigan statutory] venue rule," which is improper for several reasons.  ECF No. 41, PageID.1195.  For one, this point was not argued in his motion before the Magistrate Judge, and cannot be brought for the first time in this posture.  *See Little v. Williams*, No. 22-12222, 2025 U.S. Dist. LEXIS 172533, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)).[3]  Second, it fails

---

[3] To the extent he argued this point in his motion for reconsideration before the Magistrate Judge, it was improperly brought in that posture too, and he cannot make the argument somehow procedurally sound by twice attempting an improper

on the merits; Ozormoor cites no authority that Michigan's venue statute (governing where a state court lawsuit can be filed) would somehow relate to or govern the proper location of a party deposition in federal court.  This unsupported and unexplained argument is frivolous.

Plaintiff then argues that it would be unfair to assess costs because it is *Defendant* who has protracted this litigation by their motions to compel his deposition and continuing to defend against his arguments.  ECF No. 41, PageID.1196.  But it is, of course, Plaintiff who has refused to attend several noticed depositions, filed multiple motions for protective orders (or motions to "compel"), and failed to respond to Defendant's scheduling communications in good faith. *Compare* ECF No. 41, PageID.1196, *with supra* Section II.  This misrepresentation of the record and rejection of the court's prior findings does nothing to bolster Plaintiff's credibility.  The objection is overruled.

## B.   OBJECTION 2

---

mode of argument.  *See* ECF No. 40, PageID.1192 ("a motion for reconsideration is not intended as a means to allow a losing party . . . to introduce new arguments.") (citation omitted).

In his second objection, Defendant merely rehashes his arguments that he made before the Magistrate Judge that the Michigan Court Rule governing depositions of nonparties in state court controls the location of a party deposition in federal court. He changes his posture here only slightly to argue that it would be "unjust to sanction[] Plaintiff because Defendant MetLife failed to provide a proper notice of deposition and the Court failed to a [sic] change of venue consistent with state venue law." ECF No. 41, PageID.1198. That argument was rejected several times by the Magistrate Judge, and rightly so. He still cites not a single federal authority in support of his frivolous and dilatory argument that he was entitled to select the county of his deposition.[4] His citation to the Michigan Court Rule governing depositions of nonparties is irrelevant. He is, of course, a *party* to this proceeding, which takes place in federal court, where the Federal Rules of procedure apply. And "[s]ince plaintiff has selected the forum, he . . . will not be heard to

---

[4] Plaintiff cites to two cases that do not support his position. *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994) stands for the proposition a plaintiff can be deposed in the judicial district where their case is pending. *See id.* at 1166. Bodman's Troy Office is located in the Eastern District of Michigan. And *Hanna v. Plumer*, 380 U.S. 460 (1965), makes clear that the *Erie* doctrine should not be read to limit a Federal Rule of Civil Procedure whose scope covers the procedural issue. *See id.* at 470.

19

complain about having to appear there for a deposition." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.).  The only way a party in federal court can seek an alternative location to its noticed deposition is if it obtains a protective order pursuant to Fed. R. Civ. P. 26(c). Plaintiff's motion for protective order (ECF No. 21) was denied, Plaintiff's present argument seeking to relitigate that issue is baseless, and the objection is overruled.

The court relatedly notes that it matters that this is not the first opportunity Plaintiff has had to debate where his deposition should be held.  This subject was argued, and addressed, in the orders at ECF Nos. 24, 27, and 32 (each ruling on his motion for protective order). Therefore, his motion to "compel" (ECF No. 33), and his arguments made in his objections here, are more properly construed as attempts to seek reconsideration of prior orders without so titling his pleadings.  *See* E.D. Mich. Local Rule 7.1(h)(2); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) (federal courts can and will sometimes "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" and "create a better correspondence between the substance of a pro se

motion's claim and its underlying legal basis."); *e.g. United States v. Harvey*, No. 23-5068, 2023 U.S. App. LEXIS 17396, at *4 (6th Cir. July 10, 2023).  Plaintiff cannot, merely by titling his filings as new motions, endlessly relitigate these issues and try new theories he feels might work on his second or third go-round, having lost in the first instance. Arguments he failed to bring in the first opportunity to litigate these issues were waived.  *See Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007); *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011) ("[A] motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing.").  By presenting this argument in this manner, he improperly raises waived arguments and unnecessarily delays these proceedings by seeking reconsideration of previously decided issues.  His arguments are overruled on that basis as well.

## V.     SANCTIONS

Sanctions are undoubtedly appropriate in this case.  The only question is whether dismissal is warranted or whether the lesser sanction of payment of Defendant's fees and costs will suffice.  This

21

court concludes that dismissal, together with fees and costs, is an appropriate sanction at this stage.

Under Rule 37(b)(2)(A), "a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wis. Cent., Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct such as stubborn disobedience. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Mager*, 924 F.3d at 837; *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013). The plaintiff's "conduct must display either an intent to

22

thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Carpenter*, 723 F.3d at 705. Dispositive relief as a sanction is appropriate when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Buck v. U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992).

At this stage, Ozormoor's conduct cannot be reasonably considered anything but willful and stubbornly disobedient. His failures to appear for no fewer than three properly noticed depositions were not supported by arguments judged to have been brought in good faith, or to have any merit. His efforts to avoid his deposition have delayed this case by more than half a year. In doing so, Ozormoor has thwarted Defendant's legitimate efforts to conduct discovery in this case. These efforts have undoubtedly prejudiced Defendant; his conduct has prevented MetLife from gathering evidence and deposing Plaintiff to defend against his claims against them. While he evaded his own discovery obligations, Plaintiff sought summary judgment against Defendant – but by his conduct stymied Defendant's efforts to use his deposition testimony to respond to his arguments. In addition, Ozormoor's conduct has caused Defendant to spend time and money in preparation for the noticed

23

depositions, and this court to expend resources repeatedly admonishing him for his misconduct in avoiding those depositions. Ozormoor was warned several times that his failure to comply with orders to attend his deposition could lead to dismissal.

The court is cognizant that lesser sanctions are available; the Magistrate Judge recommended solely monetary penalties. But the record here reflects a clear pattern of delay, deliberate disobedience of court orders, calculated refusals to cooperate with Defendant's good faith efforts to schedule his deposition, and contumacious conduct by Plaintiff; no lesser sanction is warranted under the circumstances. *See Mager*, 924 F.3d at 840 (where the record showed that plaintiff deliberately disobeyed an order to submit to an IME by his "calculated refusals to answer questions," dismissal of the complaint as a first sanction was appropriate); *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) (where contumacious conduct is found, district courts need not "incant a litany of the available lesser sanctions"). That is not all. Plaintiff continues, for example, to press arguments repeatedly rejected by the court in a pleading objecting to an order imposing sanctions on him. Even after court orders compelling his attendance at

24

deposition, he continues to file motions and objections indicating he does not intend to attend a deposition noticed by Defendant at a place and time they select, and given the clear record of disobedience and delay before the court, further orders compelling his attendance would very likely be fruitless or would merely result in similar delay tactics. Plaintiff's conduct is contumacious, and the continued submission of these lines of argument indicates he does not take this court's orders or the discovery process seriously. This court is not "without power to dismiss a complaint, as the first and only sanction," on the basis of Plaintiff's contumacious conduct; "any such rule [to the contrary] would conflict with . . . the plain language of Federal Rule of Civil Procedure 37(b)(2)." *See Harmon*, 110 F.3d at 368. While the court respects and shares the Magistrate Judge's preference to decide the cases before the court on their merits, Plaintiff is not entitled to be heard on the merits if he refuses to tender to the opposing party the discovery they are entitled to in order to defend their case. His opportunity to follow court orders has come and gone without good faith efforts at compliance; the court is convinced both that no lesser sanction is appropriate in this case and that "the integrity of the pretrial process would not be

25

protected by any alternative sanction." *See Whitlow v. VMC Reo LLC*, No. 25-11458, 2026 LX 46564, at \*12 (E.D. Mich. Feb. 6, 2026) (dismissing case for plaintiff's failure to attend deposition).

## VI.    CONCLUSION

Therefore, the court **ACCEPTS** the March 20, 2026 report and recommendation's factual findings, but **MODIFIES** the recommended disposition.  This case is **DISMISSED** with prejudice for failure to comply with court orders under Rule 37(d) and 37(b)(2)(A)(v), and it is **FURTHER ORDERED** that Plaintiff shall pay Defendant's fees and costs caused by his failures to comply under Rule 37(b)(2)(C) and 37(d)(3).  Plaintiff's failures to comply and failures to act were not substantially justified, and the award of expenses is not unjust under the circumstances.  Judgment will issue in accordance with the terms of this order.[5]

---

[5] If Plaintiff seeks reconsideration of this order before this court (as has been his wont in this case), the court notes that its chosen sanction in the present order is dismissal with prejudice, along with fees and costs as instructed by the relevant rule. *See* Fed. R. Civ. P. 37(b)(2)(C) (the court "must" impose fees and costs unless the failure was substantially justified or other circumstances make the award unjust).  The court will, however, consider further monetary sanctions payable to the court under Rule 11 if he persists with frivolous factual or legal assertions.  And in doing so, the court may require Plaintiff to appear in person at the courthouse in Flint, MI, to testify under oath, and provide documentary evidence to the truth of assertions previously made to the court, in order to investigate the court's

**SO ORDERED**.

Date: April 30, 2026                                    s/F. Kay Behm
                                                        F. Kay Behm
                                                        United States District Judge

---

additional concerns regarding Plaintiff's truthfulness which have not yet been directly addressed. *See, e.g.*, ECF No. 18, PageID.338-39 (MetLife's reply brief, stating that Ozormoor made untruthful factual statements to the court in his response brief). The court may also require Plaintiff to testify and present evidence regarding the medical conditions he has alleged prevent him from driving on highways, but has never provided clear evidence in support of. *See* ECF No. 27, PageID.600; ECF No. 34, PageID.722 (pointing out that the only medical documentation he provided cited visits in 2023 and 2024, but do not show whether those conditions persisted into late 2025 or whether Plaintiff's driving is affected as he claims). The court may also require Plaintiff to show cause why his objections to the R&R included a quoted sentence that does not appear in the cited case. *See* ECF No. 41, PageID.1197 (citing *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994) for the quoted phrase: "[a] plaintiff bringing suit in a specific district should expect to appear there for a deposition[,]" but the quoted language does not appear in that case). As a practicing attorney, the court may also require him to show cause why he should not be sanctioned for his arguments that Michigan state court venue rules govern federal proceedings, which cited no authority on point. For now, the court finds that dismissal and compensation to Defendant adequately responds to the misconduct at issue.