UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OZORMOOR,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant.
_____________________________/

Case No. 4:25-cv-10710

F. Kay Behm
United States District Judge

**ORDER GRANTING IN PART DEFENDANT'S**
**MOTION FOR ATTORNEY FEES (ECF No. 50)**

## I. PROCEDURAL HISTORY

Plaintiff Joseph Ozormoor, an attorney proceeding *pro se*, sued Defendant Metropolitan Life Insurance Company (MetLife) claiming breach of contract, breach of fiduciary duties under Michigan law, statutory conversion, and intentional infliction of emotional distress. *See* ECF No. 12. On April 30, 2026, the Court dismissed the case with prejudice and ordered Plaintiff to pay Defendant's fees and costs associated with his failure to sit for his deposition. (ECF No. 46). Now before the Court is Defendant's motion to approve the reasonableness of its attorneys' fees, costs, and other expenses, in which Defendant requests a fee award of $40,843.58. (ECF No. 50).

Plaintiff has filed a response in opposition, and Defendant has filed a reply. (ECF Nos. 52, 53). For the reasons set forth below, the motion will be **GRANTED IN PART**, and Defendant will be awarded fees in the amount of $17,324.68.

## II. LEGAL STANDARD

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This is called the "lodestar method." *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). "Adjustments to that fee then may be made as necessary in the particular case." *Blum*, 465 U.S. at 888; *see Hensley*, 461 U.S. at 433 (noting that the court may adjust the fee based upon the circumstances of the case, including the "results obtained"). "The party seeking attorney's fees 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). In calculating a reasonable fee, "district courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing

perfection' but instead must simply [] do 'rough justice.'" *Id.* at 703 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). "The court can rely on estimates based upon its 'overall sense of a suit.'" *Id.*

## III. ANALYSIS

As a preliminary matter, Plaintiff requests the Court to strike or deny Defendant's motion as untimely because it was filed more than 14 days after the entry of judgment in violation of Fed. R. Civ. P. 54(d)(2)(B)(1).[1] As Defendant points out, however, Rule 54 allows the prevailing party to request attorney's fees within 14 days of a judgment being entered, but in the present case, the Court has already ruled that Defendant is entitled to attorney's fees and costs as sanctions under Rule 37. *See* ECF No. 46. Indeed, Rule 54 specifically provides that its requirements for timing and content of a motion for attorney's fees "do not apply to claims for fees and expenses as sanctions for violating these rules." Fed. R. Civ. P. 54(d)(2)(E). Plaintiff's argument is

[1] Aside from this argument, Plaintiff's response largely fails to discuss the reasonableness of the fees requested and instead attempts to rehash old arguments that have already been rejected, such as that Defendant engaged in bad faith when scheduling his deposition, that his deposition was unnecessary, and that his failure to comply was substantially justified or that other circumstances make an award of expenses unjust under Fed. R. Civ. P. 37 because Defendant failed to comply with Michigan venue law when choosing the location for Plaintiff's deposition. Both Magistrate Judge Altman and this Court have already rejected these arguments multiple times, and the Court has already made a finding that Plaintiff's failures were not substantially justified and that an award of expenses is not unjust under the circumstances. *See* ECF No. 46, PageID.1249.

therefore unprevailing. As such, the Court will go on to determine the reasonableness of the requested fees.

A. Number of Hours Expended

Defendants have calculated their total award request based on 93 hours of billed work, including 38.8 hours by lead counsel Michelle Thurber Czapski, and 54.2 hours by senior associate attorney Jeffrey R. May. This total includes, by the Court's calculation, about 8.4 hours by Czapski and 12.9 hours by May spent on filing the first motion to compel Plaintiff's deposition (ECF No. 15); 5.6 hours by Czapski and 10.4 hours by May spent responding to Plaintiff's motion for a protective order (ECF No. 22); 3.2 hours by Czapski and 8.5 hours by May spent filing their renewed motion for sanctions, (ECF No. 23); 3.9 hours by Czapski and 5.8 hours by May responding to Plaintiff's motion for a certificate of appealability related to his denied motion for a protective order (ECF No. 31); 2 hours by Czapski and 7.1 hours by May responding to Plaintiff's motion to compel the location of his deposition (ECF No. 34); .6 hours by Czapski reviewing Plaintiff's motion for reconsideration of the denial of his motion to compel; 1.7 hours by Czapski and 3.8 hours by May responding to Plaintiff's objections to the Report and Recommendation recommending granting in part Defendant's renewed motion for sanctions

(ECF Nos. 43, 44); 5.1 hours by Czapski communicating with Plaintiff regarding his deposition; and 6.6 hours by Czapski and 5.7 hours by May prepping for Plaintiff's deposition, which never occurred.

As indicated in the Magistrate Judge's Report and Recommendation on Defendant's motion for sanctions, which this Court adopted, Defendant has been granted the attorney's fees associated with filing their first motion to compel, responding to Plaintiff's motion for a protective order, filing their renewed motion for sanctions, responding to Plaintiff's motion for certificate of appealability, and responding to Plaintiff's motion to compel. In total, this works out to be approximately 23.1 hours spent by Czapski and 44.7 hours spent by May, for a total of 67.8 hours.

Although Plaintiff argues that Defendant's request includes recovery for time spent on activities unrelated to his failure to comply with the order to sit for his deposition, ECF No. 52, PageID.1363, he does not expand on this argument or otherwise indicate which fees he believes are unrelated, and the Court otherwise does not find the hours expended on the enumerated motions to be unreasonable or excessive. *See Baugh v. Detroit Club Mgmt. Corp.*, No. 22-CV-11427, 2026 WL 2597816, at *5 (E.D. Mich. Sept. 2, 2026) ("Courts do not lightly second-guess the hours worked by the attorney in the

case: 'Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances. (quoting *Heinkel ex rel. Heinkel v. Sch. Bd. of Lee Cnty.*, No. 2:04-cv-184, 2007 WL 2757366, at *6 (M.D. Fla. Sept. 20, 2007))).

B. Hourly Rate

In general, "the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "District courts have relied on the State Bar of Michigan [ ] Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *O'Connor v. Trans Union, LLC*, No. 05-CV-74498, 2008 WL 4910670, at *5 (E.D. Mich. Nov. 13, 2008).

Czapski's hours are billed at a rate of $583 per hour, while senior associate attorney May's hours are billed at a rate of $330 per hour. Czapski has thirty-four years of experience and expertise in the area of insurance litigation, and May has four and a half years of experience. The mean rate for

an equity partner or shareholder in Michigan is $413, with the 75th percentile being $500 and the 95th percentile being $730, and for an attorney with 34 years of experience, the mean rate is $369. For a senior associate, the mean is $316, the 75th percentile is $367, and the 95th percentile is $485, and for an attorney with 4 and a half years of experience, the mean rate is $300. However, in the area of insurance defense specifically, the mean is $201, the 75th percentile is $210, and the 95th percentile is $310. Plaintiff argues that any rate above the *median* rate of $185 per hour for an attorney in insurance defense is unreasonable. Although the Court agrees that some downward adjustment is necessary, Plaintiff provides no authority indicating that the median rate is the most probative rate, and he also fails to take into account the other rates applicable to the two attorneys in this case. The Court finds that, taking into account the experience of both attorneys, their positions within the firm, and their field of practice, a reasonable hourly rate for Czapski is $400, and a reasonable hourly rate for May is $300. *See Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) ("A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.").

C. Award

Based on the lodestar calculation, a reasonable fee for Czapski at an hourly rate of $400 for 23.1 hours is $9,240, and a reasonable fee for May's at an hourly rate of $300 for 44.7 hours is $13,410, making the grand total of reasonable attorney's fees $22,650. Given that the relevant motion practice revolved entirely around Plaintiff's refusal to sit for his deposition—a straightforward, simple issue—the Court also finds an additional downward adjustment of 25 percent to be reasonable, making the total attorney's fees due $16,987.50. Further, the requested amount also includes $337.18 of other costs and expenses, which consists of $335 for court reporter deposition costs and $2.18 for copy charges. In sum, this equals out to a total award of $17,324.68 for Defendant's attorney's fees and costs.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to approve the reasonableness of the attorneys' fees, costs, and other expenses (ECF No. 50) is **GRANTED IN PART**, and Defendant is awarded a total of $17,324.68.

**SO ORDERED.**

Date: November 9, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge